UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **LIONELL SONNIER #494718** | **CASE NO. 6:19-CV-01293 SEC P** |
| **VERSUS** | **JUDGE JUNEAU** |
| **ST. MARTIN PARISH JAIL, ET AL** | **MAGISTRATE JUDGE HANNA** |

### REPORT AND RECOMMENDATION

Pro se complainant Lionell Sonnier ("Sonnier"), an inmate in the custody of the Louisiana Department of Corrections, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on September 27, 2019 (rec. doc. 1) and an amended complaint on October 28, 2019 (rec. doc. 4). He names as defendants the St. Martin Parish Jail, St. Martin Parish Hospital, Pamala Brown, Mellissa Hampton, Unknown Nurses at St. Martin Hospital, Unknown Nurse Practitioner at St. Martin Parish Jail Medical Department and Unknown Doctor at St. Martin Parish Jail Medical Department.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons, **IT IS RECOMMENDED** that the matter be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim on which relief can be granted, under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

### *Statement of the Case*

On August 5, 2019, Plaintiff fell from the top bunk. He was examined by Nurse Pamala Brown at the St. Martin Parish Jail Medical Department. Doc. 1, p. 4. Following an evaluation, via telemonitor, with Dr. Kelsey White, he was prescribed an over the counter pain medication. *Id.* He continued to complain of pain for three weeks, at which time he was sent to the St. Martin Parish Hospital for additional medical care. According to a September 9, 2019 Inmate Request Form, provided by plaintiff in support of his complaint, x-rays of his neck and spine were taken on August 28, 2019, which were negative. Doc. 1-2. He was issued medication on August 16 and August 21, which he refused both times. *Id.* Plaintiff complains that the doctor did not order an MRI and that he is still experiencing numbness in his fingers and arm. Doc. 1, p. 4.

On October 28, 2019, plaintiff filed an amended complaint, alleging that since he slipped and fell on October 17, 2019, he has been in "so much more pain," and that his requests to go to the hospital have been denied. Doc. 4, p. 1.

### *Law and Analysis*

1. **Frivolity Review**

Sonnier has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if

the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

**2. Juridical Person**

Plaintiff has sued the St. Martin Parish Jail (SMPJ). Federal Rule of Civil Procedure Rule 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether the SMPJ has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code

Ann. art. 24. A parish prison facility is not a juridical person capable of being sued. A jail is "not an entity, but a building." *See Jones v. St. Tammany Parish Jail*, 4 F.Supp.2d 606, 613 (E.D.La. 1998); *Anderson v. St. Martin Parish*, 2016 U.S. Dist. LEXIS 165470 (W. D. La. 2016). The SMPJ is not a juridical person and therefore, plaintiff's claims against it must be dismissed.

### 3. State Actor

Plaintiff has named as defendants the St. Martin Parish Hospital, as well as unknown nurses at the St. Martin Parish Hospital, but has failed to allege facts to establish that the hospital or staff are state actors.

In order to recover under §1983, a plaintiff must prove (1) that he was deprived of a federally protected right, and (2) that the deprivation occurred under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). In order to prove the deprivation of a right protected by the Due Process Clause of the Fourteenth Amendment, a plaintiff must prove state action. *Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir.1995). In §1983 actions alleging the deprivation of due process rights, the Fourteenth Amendment's 'state action' requirement and § 1983's 'under color of state law' requirement collapse into a single inquiry." *Landry v. A-Able Bonding*, Inc., 75 F.3d 200, 203 (5th Cir.1996).

In some circumstances, a private party may be acting "under color of state law" and held liable under § 1983. *See Adickes v. S.H. Kress & Co*., 398 U.S. 144,

4

152 (1970); *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989). A private party can be held to be a state actor under only three circumstances, (1) where there is a sufficiently close nexus between the state and the challenged action of the private party so that the action of the party may be fairly treated as that of the state itself, (2) where the private party has exercised powers that are "traditionally the exclusive prerogative of the state," or (3) where the state has exercised coercive power or has provided such significant encouragement, either overt or covert, that the action of the private party must in law be deemed to be that of the state. *Blum v. Yaretsky,* 457 U.S. 991, 1004 (1981). Plaintiff has not alleged facts to support a finding that the physicians or nurses at the St. Martin Parish Hospital acted under color of law, conspired with a state actor, or exercised powers that were traditionally the exclusive prerogative of the state and, therefore, has failed to state a claim under Section 1983 against the hospital or its nurses.

### 4. Disagreement with Medical Care

Finally, as to the crux of plaintiff's complaint, he has failed to establish that he was treated with the deliberate indifference necessary to state a claim under Section 1983. As plaintiff is a pretrial detainee, his constitutional rights flow from the Fourteenth Amendment Due Process Clause. Because they have not yet been convicted of the crime with which they are charged, pretrial detainees have a due

process right not to be punished for that crime. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

The standard to apply in analyzing a denial of medical care claim asserted by a pretrial detainee depends upon whether the claim is directed to a "condition of confinement" or to an "episodic act or omission." *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997), *quoting Hare v. City of Corinth*, 74 F.3d 633, 644 (5th Cir. 1996). Plaintiff's complaint is directed to an episodic act or omission. Under the episodic act standard, a plaintiff must show both that he suffered a sufficiently serious deprivation and that this deprivation was brought about by the deliberate indifference of prison officials. *Hare*, 74 F.3d at 643 and 650.

This is the same standard applicable to convicted prisoners whose claims are analyzed under the Eighth Amendment. In order to prevail on such claims, convicts must establish that the delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs*." Estelle v. Gamble*, 429 U.S. 97 (1976). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted).

Plaintiff admits that he was treated by medical professionals after both his fall from the top bunk, and his slip and fall months later, but simply disagrees with the treatment decisions of the health care professionals at the SMPJ and the St. Martin Parish Hospital who were responsible for his care and treatment.

With respect to the fall from the bunk in July 2019, plaintiff admits that he was seen by both medical staff at the jail, as well as at the St. Martin Parish Hospital. While diagnostic testing was performed following the fall from the bunk at the St. Martin Parish Hospital, he disagrees with the treatment options offered by the physicians, specifically that an MRI was not performed. However, his disagreement with the health care professionals' diagnosis or treatment choices falls far short of establishing deliberate indifference since mere disagreement with medical diagnosis or treatment does not state a claim under the Eighth Amendment. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997), citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir.1977); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir.1985).

In *Woodall v. Foti*, 648 F.2d 268, 272 (5th Cir. 1981), the Fifth Circuit stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability. *See also Leachman v. Harris Cty.*, 779 Fed. Appx. 234, *6 (5th Cir. 2019). The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. Prisoners are not constitutionally

7

entitled to the best medical care that money can buy. *See Mayweather v. Foti,* 958 F.2d. 91 (5th Cir. 1992); *Woodall, supra.*

Furthermore, the fact that plaintiff continues to suffer is insufficient to establish that a constitutional violation has occurred. *Mayweather, supra.* Unsuccessful medical treatment does not given rise to a § 1983 cause of action. *Vernado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Therefore, the fact that he experiences pain in his arm does not given rise to a § 1983 cause of action.

Moreover, with respect to the October slip and fall, once again, plaintiff admits that he has been seen by the St. Martin Parish Jail medical staff. Doc. 4, p 1. His complaint stems from the nurses' refusal to send him to the hospital for additional diagnostic testing. For the reasons stated above, this allegation fails to establish a constitutional violation.

For the foregoing reasons, plaintiff's claims should be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

## *Conclusion*

Therefore,

**IT IS RECOMMENDED** that the matter be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim on which relief can be granted, under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE in Chambers on this 13th day of November, 2019.

_____
Patrick J. Hanna
United States Magistrate Judge